

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2006

# Lourghi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2873

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lourghi v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1583.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1583

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2873
_____

ABDESSALEM LOURGHI,
                                              Petitioner

vs

ATTORNEY GENERAL OF THE
        UNITED STATES,
                                              Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A22 519 499)
_____

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2005

Before: ROTH, RENDELL and AMBRO, <u>Circuit</u> <u>Judges</u>

(Filed:    February 14, 2006)

_____

OPINION
_____

PER CURIAM

Abdessalem Lourghi seeks review of his final order of removal.[1] We will dismiss the petition for lack of jurisdiction.

Lourghi, a citizen and native of Algeria, entered the United States in 1983 allegedly as a nonimmigrant visitor. In 2003, Lourghi was served a Notice to Appear, charging him with being removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) for being present without being inspected, admitted or paroled. Response to Habeas Pet. (hereinafter "Response"), Exh. A. Lourghi challenged the specific charge, but conceded his removability for being an overstay nonimmigrant. The Immigration Judge ("IJ") found Lourghi removable as charged. Response, Exh. B. The IJ also denied Lourghi's application for asylum as untimely and denied statutory withholding of removal and relief under the Convention Against Torture. Id. Lourghi filed a notice of appeal. Response, Exh. C. The Board of Immigration Appeals ("BIA") dismissed the appeal for lack of jurisdiction, finding that Lourghi had waived his right to appeal during the proceedings before the IJ and had not made any claim that the waiver was not knowing and intelligent. Response, Exh. D.

A court may review a final order of removal only if the petitioner has exhausted all

---

[1] This proceeding was initiated in 2003 when Lourghi filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District Court for the District of New Jersey. On May 11, 2005, the Real ID Act of 2005 took effect, eliminating habeas jurisdiction over orders of removal and directing that all habeas petitions pending in district courts should be transferred to the appropriate court of appeals as a petition for review. On May 19, 2005, the District Court entered an order and opinion denying Lourghi's petition. Shortly thereafter, the District Court vacated its order and transferred the matter to his Court as a petition for review.

of the administrative remedies available to him as of right. 8 U.S.C. § 1252(d)(1). Lourghi has not exhausted his claims. Lourghi's claim that he is entitled to relief under the Convention is clearly a claim that could have been raised on appeal to the BIA. See Bonhometre v. Gonzales, 414 F.3d 442, 448 (3d Cir. 2005). Although Lourghi attempted to raise the claim in his notice of appeal, he had previously waived the right to appeal. See 8 C.F.R. § 1003.3(a)(1) ("A Notice of Appeal may not be filed by any party who has waived appeal"); 8 C.F.R. § 1003.38(b) (same). Also, to the extent Lourghi is seeking cancellation of removal pursuant to INA § 212(h), it does not appear that he applied for such relief. 8 U.S.C. § 1182(h); 8 C.F.R. § 1212.7.

Accordingly, we will dismiss the petition for lack of jurisdiction.